## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JACK SULLIVAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 6:26-CV-00052-LS |
| | § | |
| CARMEN PACHECO and SERGIO | § | |
| JIMENEZ | § | |
| | § | |
| *Defendant*s. | § | |

### DISMISSAL ORDER

*Pro se* plaintiff sues two individual defendants under 42 U.S.C. § 1983. The Court dismisses the lawsuit with leave to amend.

### 1. Proceeding In Forma Pauperis.

I grant Mr. Sullivan's motion to proceed *in forma pauperis* ("IFP")[1] because of the financial information contained within it.

### 2.  Legal Standards.

Mr. Sullivan's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

---

[1] ECF No. 1.
[2] 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact.[3] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6).[4] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[5] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

A court must consider the allegations in a *pro se* plaintiff's complaint liberally.[7] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8]

### 3. Mr. Sullivan's Complaint Fails to State a Claim.

Mr. Sullivan's complaint fails to state a claim because it alleges no facts.

### 4. Leave to Amend.

Courts should ordinarily grant a *pro se* plaintiff leave to amend a complaint before dismissing the case unless the plaintiff has already pled his "best case."[9] Accordingly, the Court grants Mr. Sullivan until **February 20, 2026**, to file a viable amended complaint. Failure to do so will result in a final judgment of dismissal.

---

[3] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[8] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[9] *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

## CONCLUSION

The Court **GRANTS** the motion to proceed in forma pauperis [Doc. No. 1] and **DISMISSES** this lawsuit with leave to file an amended complaint on or before **February 20, 2026**.

**SO ORDERED.**

**SIGNED** and **ENTERED** on February 5, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**